STATE of Minnesota, Respondent,

v.

Arthur Henry MONTOUR, Appellant.

No. C2–85–2318.

Court of Appeals of Minnesota.

Aug. 19, 1986.

Review Denied Oct. 22, 1986.

Hubert H. Humphrey, III, Atty. Gen., Rebecca Howes Hamblin, Asst. Sp. Atty.

Gen., St. Paul, Stephen C. Rathke, Crow Wing Co. Atty., Brainerd, for respondent.

C. Paul Jones, Public Defender, Anne McDiarmid, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ., with oral argument waived.

## MEMORANDUM OPINION

CRIPPEN, Judge.

### I.

Appellant Arthur Henry Montour was convicted of driving under the influence of alcohol, aggravated because of a prior DWI offense.

On appeal he contends only that the evidence is insufficient to prove that he had been driving. Appellant and his wife were involved in a one-car accident on January 22, 1985, when the car in which they were traveling missed a curve and went into the ditch. Testing of appellant indicated a .12 blood-alcohol concentration. Crow Wing County sheriff's deputies arrested appellant. He was charged with a gross misdemeanor because he has a record of DWI offenses. The jury found him guilty, and he appeals, claiming the evidence shows that his wife was driving the vehicle at the time of the accident.

### II.

When considering the sufficiency of the evidence in a jury trial, we must determine only

> whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged. We cannot retry the facts, but must take the view of the evidence most favorable to the state and assume that the jury believed the state's witnesses and disbelieved any contradictory evidence.

*State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978) (citations omitted).

We conclude that the evidence is sufficient in this case to support the jury's finding. Appellant and his wife stated to many persons on the scene that it was appellant who was driving the car at the time of the accident, although when testifying, both declared that it was appellant's wife who was driving. Others testified that appellant's wife did not have a license and never drove; appellant himself testified that his wife was afraid to drive.

Affirmed.